

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2008

# Pridgen v. Law

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4727

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pridgen v. Law" (2008). *2008 Decisions.* Paper 209.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/209

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4727
_____

PARRIS PRIDGEN,
Appellant

v.

TREVOR LAW

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-00117J)
Magistrate Judge:  The Honorable Keith A. Pesto


_____


Submitted Under Third Circuit LAR 34.1(a)
August 1, 2008

Before: SLOVITER, BARRY, and NYGAARD, <u>Circuit</u> <u>Judges</u>.


(Filed: November 19, 2008)

_____


OPINION OF THE COURT
_____

Appellant, Parris Pridgen filed a civil rights lawsuit in 2006 against Appellees Trevor Law and Captain Craig Faust of the Johnstown, Pennsylvania Police Department, alleging that officers of that department used excessive force in arresting him. Proceeding pro se and in forma pauperis, Pridgen claimed that the officers exercised unlawful or excessive force in violation of his rights under the Fourth and Fourteenth Amendments. Specifically, he claims that in 2005, several members of the Johnstown Police Department came to his home and that, as he turned to retrieve his wallet from this back pocket, Officer Law placed in him a "full/half nelson type move," threw him to the ground, and punched him in the back of the head twice. After he was taken to the hospital, he was diagnosed with a broken facial bone as a result of Officer Law's throwing him to the ground.

At the conclusion of a bench trial, the Magistrate Judge ruled against Pridgen, setting forth his findings of fact and conclusions of law on the record orally. Inasmuch as he issued no written opinion, we entered an order to transcribe the bench trial. We have completed our review of the bench trial and, finding no error, will summarily affirm the judgment below.

Our reading of the transcript indicates that, as Officer Law tried to arrest Pridgen, they fell on an overturned couch and that Pridgen hit his head on the floor, causing a bloody nose and what may have been a nasal fracture. The Magistrate Judge noted that

2

this was not a state assault case but instead an alleged unreasonable use of force claim in the effectuation of an arrest. He found there was no evidence of a punch and credited Law's statement that he held Pridgen down using a forearm per his training after Pridgen fell to the ground. The Magistrate Judge concluded that there was a reason for Officer Law to grab Pridgen — who appeared to have been running for the door. The Magistrate Judge further determined that there was insufficient injury for a constitutional violation.

Our thorough review of the record indicates that the questions raised in this appeal are so insubstantial as not to require further argument. We agree with the Magistrate Judge that, under the circumstances presented, the injury here, although serious, was insufficient to constitute a constitutional violation. Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. Because this appeal presents us with no substantial question, see I.O.P. 10.6, we will summarily affirm.[1]

---

[1] We note that the Appellant has filed a motion "for oral argument." We will construe this filing as a motion to accept Appellant's written statement and grant the motion.